IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                       Case No. 6:12-cr-60023-3

ELANDER LEE KENNEL                                                                                              DEFENDANT

**ORDER**

Before the Court is Defendant Elander Lee Kennel's Motion for Order of Current Sentences. ECF No. 107. The Government has responded. ECF No. 108. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On March 7, 2013, Defendant Elander Lee Kennel pleaded guilty to distribution of methamphetamine on December 13, 2011, in Gurdon, Arkansas, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Defendant's plea agreement contained an appellate waiver, generally waiving all rights to appeal but specifically reserving the right to appeal a claim of ineffective assistance of counsel under 28 U.S.C. § 2255. ECF No. 59, at ¶ 7.

The Presentence Investigation Report ("PSR") determined that Defendant should be held accountable for 17.6 grams of actual methamphetamine as relevant conduct. ECF No. 69, at ¶ 10. This relevant conduct determination was a combined calculation of the drug purchases in the conspiracy that occurred on December 7, 2011 (purchase of 5.2 grams of actual methamphetamine), December 13, 2011 (purchase of 5.8 grams of actual methamphetamine), and December 29, 2011 (purchase of 6.6 grams of actual methamphetamine). ECF No. 69, at ¶¶ 6-10. On June 12, 2013, the Court sentenced Defendant to 168 months imprisonment followed by four years of supervised release. The Judgment notes that Defendant should be given credit for time

served in federal custody. ECF No. 79. The PSR noted that, at the time of his sentencing, Defendant was currently serving a five-year Texas state sentence for possession of 20.5 grams of crack cocaine. This Texas offense was not included in the relevant conduct determination of Defendant's base offense level in the instant case. Defendant did not appeal the sentence imposed by this Court.[1]

Defendant has filed the present motion requesting that his sentence be amended "to run concurrently to his pre-existing state sentence and/or to adjust his federal sentence for credit for time served" on his 2012 Texas offense. ECF No. 107, at 1. He alleges that, at the sentencing hearing in this Court, his attorney made an oral motion that his state sentence run concurrently with his federal sentence and that the Court granted this request.[2] However, the Judgment in this case does not reflect Defendant's version of events as it is silent as to whether his federal sentence should be run concurrently or consecutively to his state sentence.[3] The government opposes Defendant's motion and argues that his claims should be dismissed. ECF No. 109.

## II. DISCUSSION

Defendant first argues that his judgment and commitment order, which failed to take into account his pending Texas sentence, is not in compliance with the sentencing guidelines, United States Sentencing Guidelines ("USSG") 5G1.3(b), and statutory guidance, 18 U.S.C. § 3584(a), for the imposition of sentences of imprisonment on defendants subject to undischarged terms of imprisonment. Defendant provides no statutory authority that would allow the Court to grant the relief he seeks in a post-conviction proceeding. The Court agrees with the government that

---

[1] This state sentence was imposed on July 5, 2012.
[2] The court reporter has advised that there is no recording of the sentencing hearing.
[3] The Court notes that neither the judgment (ECF No. 79) nor the sentencing minute sheet (ECF No. 78) reflect that Defendant's federal sentence would run concurrently to his state sentence. In his sentencing memorandum, Defendant does not request a concurrent sentence. ECF No. 74. Further, the Court referenced its own notes from the sentencing hearing, and there was no mention of a concurrent sentence.

Defendant's first claim is more appropriately raised in a motion to vacate, correct , or set aside his sentence under 28 U.S.C. § 2255. Thus, the Court will treat Defendant's motion as one to correct his sentence pursuant to § 2255.

Defendant's argument that the Court did not properly apply a sentencing adjustment under USSG 5G1.3(b)(1) is a challenge to the validity of his sentence, which must be made in a § 2255 motion. *See United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). However, because Defendant failed to raise his Sentencing Guidelines claim on direct appeal, he must meet "one of three possible exceptions to the rule that ordinary questions of guideline interpretation not raised on direct appeal do not present cognizable § 2255 claims." *Id.* (citing *Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995)).

First, Defendant could raise his otherwise procedurally defaulted claim in a § 2255 proceeding if he were to assert, as an independent stand-alone ineffective assistance of counsel argument, that his attorney's failure to make the USSG § 5G1.3 concurrent sentence argument at sentencing or on direct appeal violated his Sixth Amendment right to counsel. *See id.* However, this is not Defendant's argument. Defendant claims that his attorney made this argument, and that the trial court granted it. He is not claiming that his trial counsel was ineffective.

Second, an exception exists for "cases involving a sentence in excess of the maximum authorized by statute," which is not applicable to this case. Defendant's 168-month sentence does not exceed the statutory maximum sentence of 480 months for distribution of 17.6 grams of methamphetamine. 21 U.S.C. § 841(a)(b)(1)(B).

Third, a possible exception exists for Sentencing Guidelines claims that rise to the level of a "miscarriage of justice." *Id.* Here, Defendant argues that the Court should have applied USSG § 5G1.3(b) when calculating his total term of imprisonment. USSG § 5G1.3(b) directs a district

3

court to reduce a defendant's sentence to account for time the defendant has already served in state custody for another offense that is relevant conduct to the instant offense of conviction and to run the sentence for the instant offense concurrently to the remainder of the undischarged term of imprisonment. However, in the instant case, the Court did not consider Defendant's Texas offense of possessing crack cocaine as relevant conduct to his federal offense, which was distributing crack cocaine in the Western District of Arkansas. Thus, USSG 5G1.3(b) is inapplicable to Defendant's situation.[4] Because there is no merit to Defendant's claim, there can be no miscarriage of justice.

Because Defendant did not raise his Sentencing Guidelines misapplication claim on direct appeal, this claim is procedurally defaulted and must be dismissed. *See Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000) (noting that a claim is procedurally defaulted and cannot be raised in a § 2255 motion if the petitioner fails to raise the issue on direct appeal).

### III. CONCLUSION

Accordingly, the Court finds that Defendant's Motion for Order of Current Sentences (ECF No. 107) should be and hereby is **DENIED**, and his claim is **DISMISSED**.

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11, Rules Governing § 2255 Cases. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court

---

[4] Defendant also cites to 18 U.S.C. § 3584(a) to support his argument that his federal sentence should run concurrently to his state sentence. However, the statute states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Here, there is no indication that the Court ordered or intended for Defendant's federal sentence and state sentence to run concurrently.

4

finds no issue on which Defendant has made a substantial showing of a denial of a constitutional right. Accordingly, the Court will not issue a certificate of appealability in this matter.

**IT IS SO ORDERED**, this 18th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge